## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

JENNIFER YOUNG and CHRISTOPHER LUSK,

        Plaintiffs,

v.

MEDICREDIT INC.,

        Defendant.

Case No. 4:17-cv-3701

**JURY TRIAL DEMANDED**

### PLAINTIFFS' ORIGINAL COMPLAINT

JENNIFER YOUNG and CHRISOPHER LUSK ("Plaintiffs") bring this action against Defendant MEDICREDIT INC. ("Defendant") to stop Defendant's practice of making illegal debt collection calls to the cellular telephones of Plaintiffs, and to obtain redress for injuries caused by Defendant's conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### INTRODUCTION

1. "The right to be let alone is indeed the beginning of all freedom."[1] Plaintiffs bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Chapter 302 of the TEX. BUS. & COM. CODE - the Regulation of Telephone Solicitation statute in Texas ("Texas TCPA"), and TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA").

2. Defendant is a debt collection company that engages in reckless and aggressive debt collection practices in derogation of federal and state law, and the rights of the called parties.

---

[1] *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467 (1952) (Douglas, J., dissenting).

1

3. Defendant made unsolicited calls to Plaintiffs' cellular telephones in violation of the TCPA using an automatic telephone dialing system ("ATDS") or pre-recorded voice. Defendant also called Plaintiffs without their consent. Defendant's calls violate the FDCPA, which is a statute Congress passed to prevent unconscionable, and unfair debt collection practices.

4. Defendant's conduct violates the Texas TCPA and, in turn, the DTPA. Accordingly, Plaintiffs are entitled to recover actual damages, attorneys' fees, costs of court, expert fees, deposition costs, and treble damages for each and every such violation.

## PARTIES

5. Plaintiff JENNIFER YOUNG is a natural person and citizen of Houston, TX.

6. Plaintiff CHRISTOPHER LUSK is a natural person and citizen of Ennis, TX.

7. Defendant MEDICREDIT is a corporation under the laws of the State of Missouri. Defendant maintains its principal office at Columbia Missouri and may be served with process by serving its Registered Agent, STK REGISTERED AGENT, INC., at 900 W. 48th Street, Suite 900, Kansas City, MO 64112. 832-771-1044. 7136512659

8. Whenever this complaint alleges that Defendant committed an act, it means that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act, or omission with the full authorization, ratification or approval of Defendant or in the normal course and scope of employment of the Defendant's officer, director, vice-principal, agent, servant, or employee.

## JURISDICTION & VENUE

9. The Court has subject matter jurisdiction under 28 U.S.C. § 1331; this is a TCPA action.

10. The Court has personal jurisdiction over Defendant. Defendant has continuous and systematic contacts with this District through its debt collection scheme and is essentially at home here. Defendant conducts significant, ongoing business in this District and purposefully availed itself to this District. The Court has specific personal jurisdiction over Defendant because it targets this District with its wrongful, accused acts, and/or emanated those acts from this District. The exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

11. Venue is proper in this District under 28 U.S.C. § 1391(b); a substantial part of the wrongful conduct giving rise to this lawsuit occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

**The TCPA**

12. Congress enacted the TCPA in 1991 to address certain practices that invade consumer privacy and risk public safety. The TCPA and it's Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[2] Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

3

loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

13.     Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

14.     The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment,

4

we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

15.     Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC").  See 47 C.F.R. § 64.1200(d).  The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]."  *Id*.  The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry.  *Id.* at § 64.1200(d)(3), (6).  Any company, or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA.  The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

16.     Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."  In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

17.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

**The FDCPA**

18.     In 1978, Congress enacted the FDCPA in response to data showing that abusive collection practices lead to an increase in personal bankruptcy filings, marital instability, loss of

5

employment, and invasion of personal privacy.  The FDCPA prohibits false, deceptive, misleading, harassing, abusive and offensive conduct during collection of consumer debts. *See* 15 U.S.C. § 1692a, *et seq.* In particular, the FDCPA prohibits, *inter alia*, the following practices:

- Discussing debt with a third party.  15 U.S.C. § 1692b(2)
- Contacting a third party more than one time for the purpose of obtaining debtor's location information.  15 U.S.C. § 1692d(1)
- Calling debtor's workplace if debtor notified debt collector that such calls are unwanted.  15 U.S.C. § 1692c(a)(3)
- Calling debtor before the hours of 8 a.m. or 9 p.m. 15 U.S.C. § 1692c(a)(1)
- The collector from threatening violence or the use of criminal activity towards the consumer or property.  15 U.S.C. § 1692d(1)
- The collector from using obscene or profane language.  15 U.S.C. § 1692d(2)
- The collector from engaging in harassing, abusive and/or oppressive conduct.  15 U.S.C. § 1692d
- The collector from making false, deceptive, or misleading statements.  15 U.S.C. § 1692e, e(10)
- The collector from stating or implying that non-payment will result in arrest or criminal prosecution.  15 U.S.C. § 1692e(4)
- The collector from threatening suit, garnishment, or seizure of property without the legal ability to do the same. 15 U.S.C. § 1692e(5)
- The collector from failing to identify itself and the purpose of the call. 15 U.S.C. § 1692e(11)

19. The FDCPA further expressly provides a private right of action to anyone who receives prohibited collection calls. A prevailing plaintiff under the FDCPA is entitled to recovery of actual damages (including mental anguish), a statutory penalty of $1,000, plus costs and attorneys' fees. 15 U.S.C. § 1692k(a).

**The Texas TCPA & DTPA**

20. Enacted in 1978, Chapter 302 of the TEX. BUS. & COM. CODE is the Regulation of Telephone Solicitation statute in Texas ("Texas TCPA"). A violation of the Texas TCPA is also a violation of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by law:

> (a) A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17 (DTPA).
>
> (b) A public or private right or remedy prescribed by Subchapter E, Chapter 17 (DTPA), may be used to enforce this chapter.

TEX. BUS. & COM. CODE § 302.303; *see also* TEX. BUS. & COM. CODE § 17.50(h) (a plaintiff can maintain a DTPA suit based on the violation of other consumer-protection statutes that have been incorporated into the DTPA). The Texas TCPA shall be liberally construed and applied to promote its underlying purpose to protect persons against false, misleading, or deceptive practices in the telephone solicitation business. TEX. BUS. & COM. CODE § 302.003.

21. The Texas TCPA also provides much harsher civil penalties than the federal TCPA:

> (a) A person who violates this chapter is subject to a civil penalty of not more than **$5,000 for each violation.**
>
> ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●
>
> (d) The party bringing the action also is entitled to recover **all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.**

TEX. BUS. & COM. CODE § 302.302 (emphasis added). The plaintiff can recover additional damages of **up to three times the amount of economic and mental anguish damages** for a DTPA claim. TEX. BUS. & COM. CODE § 17.50(b)(1) (emphasis added). Economic damages can

7

be trebled if the defendant knowingly or intentionally violated the DTPA. *Id.*; *Bossier Chrysler-Dodge II, Inc. v. Riley*, 221 S.W.3d 749, 759 (Tex. App.–Waco 2007, pet denied). Mental-anguish damages can be trebled if the defendant acted intentionally. TEX. BUS. & COM. CODE § 17.50(b)(1).

### FACTS APPLICABLE TO ALL PLAINTIFFS

22. Defendant's debt collection campaign is a continuous course of conduct and a pattern of practice, conducted under a common policy or program. From at least 2015 and through at least 2016, Defendant engaged in an aggressive debt collection campaign ("Campaign") that targeted people across the nation. Plaintiffs were directly targeted by Defendant's Campaign.

23. Although Plaintiffs may live in different states, they share similar factual bases for Defendant's liability – marketing/debt collection pitch; lack of consent; use of an auto-dialer; targeting a cell phone; and loss of privacy, among others, all of which arise out of Defendant's Campaign.

### FACTS SPECIFIC TO PLAINTIFF JENNIFER YOUNG

24. Beginning around February 2016, Young began to receive calls from a number associated with Defendant. Since that time, Young has received at least 20 calls from Defendant.

25. Young received all calls described above on her cellular telephone assigned a number ending in -8343.

26. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without Young's prior express written consent.

27. When Young answered the calls, she heard short beeps, an automated message, and then was connected with a live representative.

28. The purpose of the calls was to collect on a debt allegedly owed by Young to Defendant.

29. To the extent Young ever provided consent to be called by an ATDS, she revoked any such consent.

30. Young felt the calls were an invasion of her privacy and wanted Defendant to stop calling. Defendant ignored Young's multiple requests, to stop the calls, and continued to call her.

31. Based on the circumstances of the calls (e.g. dead air, etc.), Young believed Defendant called her cellular telephone using an ATDS that automatically selected her number from a computer database.

32. On information and belief, Defendant's ATDS called Young on every occasion.

33. The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

34. Young is the regular carrier and exclusive user of the cellular telephone assigned the number ending in -8343.

35. Defendant's calls were not for emergency purposes under 47 U.S.C. § 227(b)(1)(A)(i).

36. Young did not provide Defendant with prior express written consent to place calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

37. Young is a consumer from whom Defendant is attempting to collect. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

38. On information and belief, Defendant dedicates a substantial portion of its business to debt collection. Defendant regularly engages in the practice of collecting debts.

39. All calls Defendant made to Young violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

## FACTS SPECIFIC TO PLAINTIFF CHRISTOPHER LUSK

40. Beginning around June 2016, Lusk began to receive calls from a number associated with Defendant. At the time Lusk filed this lawsuit, he had received at least 24 calls from Defendant.

41. Lusk received all calls described above on his cellular telephone assigned a number ending in -4602.

42. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without Lusk's prior express written consent.

43. When Lusk answered the call, there was a momentary pause ("dead air") before Defendant's live representative engaged on the other end of the line.

44. Lusk felt the calls were an invasion of privacy and wanted Defendant to stop calling. Defendant ignored Lusk's request to stop and continued to call him.

45. The purpose of the calls was to collect on a personal debt allegedly owed by Lusk to Defendant.

46. Based on the circumstances of the calls (e.g. dead air, etc.), Lusk believed Defendant called his cellular telephone using an ATDS that automatically selected his number from a computer database.

47. On information and belief, Defendant's ATDS called Lusk on every occasion.

48. The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

49. Lusk is the regular carrier and exclusive user of the cellular telephone assigned the number ending in -4602.

50. Defendant's calls were not for emergency purposes under 47 U.S.C. § 227(b)(1)(A)(i).

51. Lusk did not provide Defendant with prior express written consent to place calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

52. Lusk is a consumer from whom Defendant is attempting to collect. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

53. On information and belief, Defendant dedicates a substantial portion of its business to debt collection. Defendant regularly engages in the practice of collecting debts.

54. All calls Defendant made to Lusk violate 47 U.S.C. § 227, and 15 U.S.C. § 1692.

### FIRST CAUSE OF ACTION
### ALL PLAINTIFFS
#### (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

55. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

57. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.*, Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**ALL PLAINTIFFS**
(KNOWING AND/OR WILLFUL VIOLATION OF
THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

59. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

60. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

61. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.* Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

62. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**
**ALL PLAINTIFFS**
(VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*)

63. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of 15 U.S.C. § 1692d(2), 15 U.S.C. § 1692d, and 15 U.S.C. § 1692e(5).

65. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to an award of $1,000.00 in statutory damages, for each and every violation, and actual damages, including mental anguish.

### FOURTH CAUSE OF ACTION
### ALL PLAINTIFFS
(VIOLATION OF THE TEXAS REGULATION OF TELEPHONE SOLICITATIONS
Chapter 302 of the TEX. BUS. & COM. CODE)

66. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

67. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas TCPA, including but not limited to each and every one of the provisions of Chapter 302 of the TEX. BUS. & COM. CODE.

68. As a result of Defendant's violations of the Texas TCPA, Plaintiffs are entitled to an award of statutory damages in the amount of $5,000, for each and every violation, and actual damages including mental anguish, all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

### FIFTH CAUSE OF ACTION
### ALL PLAINTIFFS
(VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT
Chapter 17 of the TEX. BUS. & COM. CODE)

69. Plaintiffs hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

70. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas TCPA, which automatically results in a violation of the DTPA.

71. A violation of the Texas TCPA is also a violation of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by law:

> "(a) A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17 (DTPA).
>
> (b) A public or private right or remedy prescribed by Subchapter E, Chapter 17 (DTPA), may be used to enforce this chapter."

TEX. BUS. & COM. CODE § 302.303; *see also* TEX. BUS. & COM. CODE § 17.50(h) (a plaintiff can

13

maintain a DTPA suit based on the violation of other consumer-protection statutes that have been incorporated into the DTPA).

72. As a result of Defendant's violations of the DTPA, Plaintiffs are entitled to an award of actual damages, treble damages for the Texas TCPA violations ($15,000 per violation), costs of court, and attorney's fees.

## ATTORNEY'S FEES

73. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

74. Plaintiffs are entitled to recover reasonable attorney fees and request the attorneys' fees be awarded.

## JURY DEMAND

75. Plaintiffs demand a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

- An award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- An award of $1,500.00 in statutory damages, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- An award of $1,000.00 in statutory damages, for each and every violation, pursuant to 15 U.S.C. § 1692, *et seq.*;

- An award of $5,000.00 in statutory damages, for each and every violation, pursuant to Chapter 302 of the Texas Business & Commerce Code, *et seq.*;

- Actual damages, including mental anguish.

- An award of $15,000.00 in statutory damages, for each and every violation, pursuant to Chapter 17 of the Texas Business & Commerce Code, *et seq*.;

- Preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones, and enjoining Defendant from engaging in abusive and oppressive collection practices as outlined in this Complaint.

- Attorneys' fees, costs and any and all other relief deemed just and proper.

Dated: December 7, 2017                                Respectfully Submitted,

*/s/ W. Craft Hughes*
W. Craft Hughes
Jarrett L. Ellzey
Deola T. Ali
**HUGHES ELLZEY, LLP**
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
E-Mail: craft@hughesellzey.com
           jarrett@hughesellzey.com
           deola@hughesellzey.com

Bryant A. Fitts
**FITTS LAW FIRM, PLLC**
2700 Post Oak Blvd., Suite 1120
Houston, Texas 77056
Phone (713) 871-1670
Fax (713) 583-1492
E-Mail: bfitts@fittslawfirm.com

**ATTORNEYS FOR PLAINTIFFS**